UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

SANDRA LINDSEY,

        Plaintiff,

        v.                                  Case No. 07-C-0187

MATRIX FINANCIAL SERVICES
CORPORATION,

        Defendant.

ORDER GRANTING MOTION TO DISMISS,
DENYING MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

        Before the court are defendant's motion to dismiss and plaintiff's motion for summary judgment. For the reasons set forth below, defendant's motion to dismiss will be granted and plaintiff's motion for summary judgment will be denied as moot.

        In 2004, Sandra Lindsey filed a lawsuit in this district, case number 04-C-87, against Matrix Financial Services Corporation and several other defendants, alleging that they conspired to deprive her of a proper repair of her home after weather damage and deprived her of proceeds from her insurance company. In that case, Lindsey charged that the defendants violated her civil rights and were liable to her pursuant to 42 U.S.C. § 1983, provisions of the Wisconsin Statutes, and the U.S. Constitution. After Lindsey failed to comply with an order to appear at her deposition, this court dismissed the case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b). On October 27, 2006, the United States Court of Appeals for the Seventh Circuit affirmed the judgment.

        On February 26, 2007, Lindsey filed the present lawsuit, this time naming Matrix as the sole defendant. In her complaint, Lindsey states that after she suffered

weather damage to her home, Matrix demanded that it hold any settlement funds. (Compl. ¶ 3). Lindsey alleges that Matrix violated 42 U.S.C. § 1981 because it breached their contract by failing to monitor the repair of her home and negligently paying out all of the funds it held without the home getting repaired. (*Id.* at ¶ 5). Further, Lindsey contends that as a result of the defendant's actions, she has been forced to live in a home unfit for human habitation, without plumbing, adequate heat, or electricity. (*Id.*) Lindsey maintains that because of these living conditions she suffers from a number of permanent physical and mental health problems. (*Id.* at ¶ 6).

Pursuant to Fed. R. Civ. P. 12(b)(6), Matrix moved to dismiss the present lawsuit for failure to state a claim upon which relief may be granted, arguing that the present case is barred by claim preclusion. In response, Lindsey filed a motion for summary judgment. She did not respond to the motion to dismiss directly. On the other hand, Matrix did not respond to Lindsey's summary judgment motion; however, Lindsey's certificate of service indicates that she did not serve the motion (filed in December 2007) until April 24, 2008. (Doc. #19.)

The court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). Here, it takes judicial notice of the records of case number 04-C-87, a case which was litigated before this district judge.

The preclusive effect of a federal court judgment depends on federal law. *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 767 (7th Cir. 2003). The doctrine of claim preclusion, also known as res judicata, prohibits parties from relitigating issues that were decided or could have been raised in a previous lawsuit. *See Brzostowski v. Laidlaw*

2

*Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). For claim preclusion to apply, three elements must be met: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two lawsuits; and (c) identity of the cause of action between the two lawsuits. *Id.*; *accord Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1832 (2007).

Here, the first element is satisfied. On May 10, 2006, this court granted a motion to dismiss case number 04-C-87 for Lindsey's failure to obey an order to submit to a deposition, failure to provide discovery, and failure to prosecute her case. The court's order stated – twice – that the dismissal was with prejudice. *Lindsey v. St. Paul Fire & Home Ins. Co.*, No. 04-C-87, slip op. at 7 (E.D. Wis. May 10, 2008). Further, dismissal was pursuant to Fed. R. Civ. P. 41(b), *see id.*, which provided that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."[1] The court dismissed case number 04-C-87 in a judgment entered May 11, 2006. The judgment did not indicate that the dismissal was without prejudice (because this court intended that dismissal would be *with* prejudice). Thus, a judgment, operating as a final adjudication on the merits, was entered in case number 04-C-87. Thereafter, the Seventh Circuit affirmed the judgment. *Lindsey v. St. Paul Fire & Home Ins. Co.*, No. 06-2494, slip op. (7th Cir. Oct. 27, 2006).

The second requirement for claim preclusion is satisfied because the parties in the instant suit are identical to those in the prior suit. Matrix was one of the various

---

[1] The wording of the rule recently was changed slightly for stylistic reasons. *See* Fed. R. Civ. P. 41 advisory committee notes 2007 amendment.

defendants in the 2004 lawsuit and is now the sole defendant in the present case, while Lindsey was and is the plaintiff in both actions.

Finally, the third element is met. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action. Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Brzostowski*, 49 F.3d at 338-39 (citation omitted). Prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to any other issues arising "from the same incident, events, transaction, circumstances or other factual nebula." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). A mere change in legal theory or requested relief does not result in a new case. *See id.*

In case number 04-C-87, relying on 42 U.S.C. § 1983, Wisconsin Statutes, and the U.S. Constitution, Lindsey submitted that Matrix's actions in holding and disbursing her insurance settlement funds were fraudulent, discriminatory, and violative of due process as well as equal protection. In the instant case, Lindsey relies on 42 U.S.C. § 1981 and charges breach of contract. However, the change in legal theory did not create a new case. Both lawsuits arise out of the same nucleus of operative facts, i.e., the weather damage to Lindsey's house at 1530 Carlisle Avenue in Racine, Wisconsin, that resulted in insurance proceeds being held by Matrix and disbursed (allegedly) before the repair work on her house was complete.

For example, in case number 04-C-87, Lindsey asserted that

> Matrix sent a communication to the plaintiff stating that all settlement funds dispersed for the repair of the plaintiff's home and received by the plaintiff must be sent to Matrix, by law,

4

> whereby Matrix would dispense these funds to the various contractors in three increments. Matrix also professed that they would monitor the repair process at each of three stages in order to certify that the repair work would be properly completed.

*Lindsey v. St. Paul Home & Fire Ins. Co.*, No. 04-C-87, Amended Complaint ¶ 25 (E.D. Wis. June 24, 2004) (footnotes omitted). Lindsey contended that Matrix violated the law in doing this and treated her in this fashion because of her race. *Id.* ¶ 27. She alleged that her insurance company issued a check in her name for over $20,000 but that her name was forged and the check was cashed by Matrix, which diverted the money from Lindsey and failed to oversee the repair of her home. *Id.* ¶¶ 28, 31, 32. As a result, she maintains that she was forced to live in a house without plumbing, a stove, a refrigerator, and had moldy walls and bathroom. *Id.* ¶ 41.

In the present case, Lindsey similarly asserts:

> 3. After the Plaintiff suffered weather damage to her home she received a communication from Defendant Matrix stating that all settlement funds dispersed to the Plaintiff for the repair of the plaintiff's home and received by the plaintiff must be sent to Matrix, by law, whereby Matrix would dispense these funds to the various contractors in three increments. Matrix also professed that they would monitor the repair process at each of three stages in order to certify that the repair work would be properly completed.
>
> 4. Wis. Stats. provide that settlement funds for the repair of damaged one and two-family dwellings (in which the insured resides) must be paid directly to the insured rather than to other entities. Wherefore this action by Matrix was fraudulent.
>
> 5. After receiving the Plaintiff's settlement check, Defendant Matrix failed to monitor the repair of the Plaintiff's home and negligently paid out all of the Plaintiff's funds without her home being repaired. As a result, the Plaintiff was forced

5

> to live in a home unfit for human habitation for a number of
> years–without plumbing, adequate heat or electricity.

(Compl. at 2.)

In consideration of this language, the court reaches the inescapable conclusion that both lawsuits involve the same operative facts or transaction between Lindsey and Matrix. Therefore, the third and final prong of the test for claim preclusion is satisfied.

In sum, the dismissal of case number 04-C-87 precludes Lindsey's claims in this lawsuit. It follows that Lindsey's motion for summary judgment, which focuses on the facts of the case, is moot.

Now, therefore,

IT IS ORDERED that the defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED as moot.

IT IS FURTHER ORDERED that this case is DISMISSED.

Dated at Milwaukee, Wisconsin, this 2nd day of May, 2008.

BY THE COURT


s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge
